Case 2:26-cv-00122-JDC-TPL   Document 8   Filed 04/17/26   Page 1 of 4 PageID #:  78

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **IRABOR FATARR MUSA** | **DOCKET NO. 2:26-cv-0122** |
| **REG. # 66406-500** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Irabor Fatarr Musa. Musa is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.  For the following reasons **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I.**
**BACKGROUND**

Musa challenges his 2024 conviction in the United States District Court for the Eastern District of Texas, challenging the jurisdiction of the sentencing court. Doc. 5, p. 6.  He asks this Court to immediately release him from custody or vacate the judgment of the sentencing court.  *Id*. at p. 7.

**II.**
**LAW & ANALYSIS**

**A.  *Screening of Habeas Corpus Petitions***

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the

United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

The Court must first determine whether Musa's claims may be properly raised in a § 2241 habeas corpus petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, 28 U.S.C. § 2255 provides the process that allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden*, *Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable United States Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such

petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

As Musa attacks the legality of his conviction, his claims are more properly raised in a Motion to Vacate filed pursuant to § 2255. Therefore, Musa must demonstrate that § 2255's remedy is inadequate or ineffective to test the legality of his detention in order to bring this habeas action. Musa, however, has pointed to no retroactively applicable United States Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial or appeal. As such, his petition for writ of habeas corpus must be dismissed.

### III.
#### CONCLUSION

The Court finds that even though Musa has filed his petition under 28 U.S.C. § 2241, he raises claims that are more properly raised in a motion under 28 U.S.C. § 2255. Musa has failed to demonstrate that 28 U.S.C. § 2255 provides an ineffective or inadequate remedy for his post-conviction complaints. Accordingly, this Court is without jurisdiction to consider Musa's claims raised under 28 U.S.C. § 2255.

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of April, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE